UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TIMOTHY D. JOHNSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:17CV1375 HEA |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court upon petitioner Timothy Johnson's motion for leave to proceed *in forma pauperis*. (Docket No. 2). Upon review, the Court has determined that petitioner is unable to pay the filing fee, and will grant the motion. In addition, the Court will dismiss the petition, without prejudice, due to petitioner's failure to exhaust his administrative remedies.

Petitioner commenced this action on April 21, 2017. He submitted his pleading on a form used for bringing claims under 28 U.S.C. § 2255. The Court noted that petitioner's claim related to the execution of a sentence imposed by this United States District Court, and was therefore most appropriately brought under 28 U.S.C. § 2241. The Court allowed petitioner to submit an amended petition. In so doing, the Court noted that it did not appear that petitioner had first presented his claim to the Bureau of Prisons "(BOP")", and advised him that exhaustion of administrative remedies was a prerequisite to filing a habeas action in this Court.

Petitioner filed an amended petition on May 15, 2017. Therein, he reiterated the assertions from the original petition, that the BOP failed "to start sentence as ordered by judge" during his supervised release revocation hearing on June 28, 2016, and raised a single ground for

relief: that the BOP failed to start his sentence "immediately and forthwith," as ordered by this Court. (Docket No. 6 at 2, 6).[1] He raised no other ground for relief.

Petitioner admits that he did not request relief from the BOP before filing the instant action. (*Id.* at 2). "A prisoner may bring a habeas action challenging the BOP's execution of his sentence only if he first presents his claim to the BOP." *Mathena v. United States*, 577 F.3d 943, 946 (8th Cir. 2009) (citing *United States v. Chappel*, 208 F.3d 1069 (8th Cir. 2000) (*per curiam*) and *Rogers v. United States*, 180 F.3d 349, 357 (1st Cir. 1999)). Due to petitioner's failure to present his claim to the BOP, this case should be dismissed without reaching the merits of his claim. *See United States v. Thompson*, 297 Fed. App'x. 561, 562 (8th Cir. 2008) (holding that the district court erred when it considered a § 2241 petition on the merits when the petitioner did not demonstrate that he had first presented his claim to the BOP). This dismissal will be without prejudice to refiling after petitioner has exhausted his administrative remedies with the BOP. In sum, petitioner is advised that he should seek administrative relief from the BOP. If and when the BOP denies him relief, he may seek review in the proper court pursuant to 28 U.S.C. § 2241.

Finally, because petitioner has not made a substantial showing that issues are debatable among reasonable jurists, that a court could resolve this issue differently, or that the issue deserves further proceedings, the Court will not issue a certificate of appealability. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner Timothy Johnson's motion for leave to proceed *in forma pauperis* (Docket No. 2) is **GRANTED**.

---

[1] Petitioner also states that he challenges the validity of his conviction or sentence as imposed, but in describing the basis for such challenge, states that the Federal Bureau of Prisons failed to start his sentence as ordered by the judge. It is therefore clear that petitioner is attacking the execution of his sentence, not the validity of the sentence itself.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

Dated this 2nd day of June, 2017

                                                HENRY EDWARD AUTREY
                                       UNITED STATES DISTRICT JUDGE